Houck, J.
On December 4, 1916, F. B. Smith and others began a proceeding before the county commissioners of Morgan county, in which it was sought to have a county road established. The usual petition having been filed, and hearing had, the road was established by order of the county commissioners, and compensation and damages awarded certain landowners.
To the findings and orders of the county commissioners an appeal was taken to the probate court, trial by jury had, and a verdict returned against the establishment of the road. Only nine jurors concurred in the verdict. A motion for a new trial was overruled, and judgment entered accordingly. Error was prosecuted to the common' pleas court, and the judgment' of the probate court was affirmed.
*317 But one question is raised by counsel for plaintiffs in error, namely: Was the verdict of the jury, which was signed and returned by nine of the twelve jurors, a valid, legal and constitutional verdict ?
The claim of counsel for plaintiffs in error is that under Section 19, Article I of the Constitution of Ohio, the taking of private property for the making or repairing of roads must be compensated for to the owner in money, the amount to be fixed by a jury, which must be composed of twelve men, and all • must agree in the verdict returned.
True, the basis of the suit under review was the appropriation of land for road purposes, and the section provides “and such compensation shall be assessed by a jury.” But nowhere in the section and article of our Constitution relied upon by learned counsel does it fix the number of jurors necessary to concur in a verdict. Therefore, we must and are bound to look to some other constitutional or statutory provision to determine this question.
Section 5, Article I of the Ohio Constitution, as amended September 3, 1912, reads:
“The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.”
Section 11455, General Code, reads:
“In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number.”
*318 Section 11212, General Code, reads:
“The provisions of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court, when there is no provision on the subject in this title.”
To us it seems clear that the makers of our constitution and the members of our legislature have clearly settled and determined the question involved in this case, and by so doing have saved the courts much trouble and labor. We think the constitutional and statutory provisions just referred to are clear and plain of meaning, and when applied to the facts in the case at bar only one conclusion can be readied, and that is that the judgment in this case, as entered by the probate an'd common pleas courts, is right.
Said constitutional amendment provided that in civil cases laws might be passed authorizing the rendering of a verdict by the concurrence of not less- than three-fourths' of the jurors. The action of the makers of our constitution left it to legislative enactment, an'd that body has seen proper to act, and we must follow the constitution and the law as we find them.
If we were to adopt the theory,- as advanced by plaintiffs in error, we would find ourselves much confused in our endeavor to determine in just what cases the three-fourths rule would apply, and we think the view of counsel in this, regard entirely too narrow.

Judgment affirmed.

Powell and Shields, JJ., concur.