HOLTSBERRY *v.* THE STATE, EX REL. FAWVER, SUPERINTENDENT PUBLIC WORKS.

*Appropriation of property — Burden of proof — Value of land — Proceedings — Certificate of necessity — Verdict by three-fourths jury.*

1. In an action for appropriation of land for road purposes, the burden of proving the value of the land sought to be taken is upon the property owner.
2. Error does not lie in such a case to failure of the certificate of appropriation to set forth the necessity of the appropriation or the purpose for which the land sought to be appropriated is to be used.

(Decided September 24, 1918.)

ERROR: Court of Appeals for Fairfield county.

*Mr. Augustus A. Mithoff,* for plaintiff in error.
*Mr. Joseph McGhee,* attorney general; *Mr. John F. Kramer* and *Mr. J. H. Fultz,* prosecuting attorney, for defendant in error.

HOUCK, J.   This case is here on error from the judgment of the probate court of Fairfield county. The parties here stand in the reverse order from where they stood in the lower court.

The plaintiff below brought suit to appropriate certain real estate belonging to the defendant below for road purposes.   A jury returned a verdict for the plaintiff, and allowed the defendant the sum of $260 as compensation for the land so taken.   A motion for a new trial was overruled and a judgment entered on the verdict.

Plaintiff in error seeks a reversal of this judgment for the following reasons:

1.   The court erred in charging the jury that three-fourths of its number or more might return a verdict in the case.

2.   Error of the court in its charge to the jury that the burden of proof as to the value of the land sought to be taken was upon the land owner.

3.   Error in overruling motion of defendant below to dismiss the proceedings because the certificate of appropriation failed to state that it was necessary to appropriate the real estate in question, and, further, that said certificate failed to state the purpose for which the land sought to be appropriated was to be used.

As to the first claim of error this court has heretofore passed upon this question in the case of *Smith et al.* v. *Craig,* 9 Ohio App., 316, the same being adverse to the claim of plaintiff in error.

As to the second and third grounds of alleged error will say the suit in this case was brought as a special proceeding under and by authority of Sections 442 to 450, General Code.

An examination of the record in this case clearly shows that each and every step necessary to be taken by the plaintiff below, as required by said sections of our statute, was fully carried out and the judgment of the lower court is clear and free from any prejudicial error in any way affecting the substantial rights of the plaintiff in error.

It therefore follows that the judgment of the probate court should be affirmed.

*Judgment affirmed.*

POWELL and SHIELDS, JJ., concur.