Kunkle, J.
This is an action wherein plaintiff in error seeks to appropriate certain real estate belonging to defendant in error, O. P. Mitman, for the purpose of making certain improvements under the Conservancy Act of Ohio (104 O. L., 13). It appears from the petition that the property in ques *107 tion was appraised in the conservancy proceedings at $7,500.
Defendant in error, O. P. Mitman, the owner of the property, excepted to such appraisement. His exceptions were overruled by the conservancy court and he then appealed to the court of common pleas of Greene county, under Section 34 of the Conservancy Act (Section 6828-34, General Code). Trial was had in the court of common pleas of Greene county and the jury returned a verdict in favor of defendant in error in the sum of $8,500. The verdict was signed by ten members of the jury.
Motion for a new trial was overruled, judgment was entered upon the verdict, and from such judgment plaintiff in error prosecutes error to this court.
Counsel for plaintiff in error insist that the trial court erred in instructing the jury that they might return a verdict by the concurrence of nine or more members of the jury, and also erred in accepting the verdict which was signed by only ten members.
It is claimed that while the Constitution, Section 5, Article I, as amended, authorizes the enactment of a law for the rendering of a verdict by the concurrence of not less than three-fourths of the jury, in civil cases, nevertheless the legislature by the enactment of Section 11455, General Code, only extended the authority for rendering a verdict by the concurrence of three-fourths of the jurors to civil actions.
Section 34 of the Conservancy Act provides that an appeal from the award of the appraisers as to compensation or damages shall be filed in the court of common pleas of the county in which the lands sought to be appropriated are situate, and that the *108 proceedings shall be in accordance with the statute regulating appropriations by other than municipal corporations.
While the appeal of the landowner from the appraisal is taken to the court of common pleas, nevertheless the procedure in that court is required tc be in accordance with the statutes governing appropriations in the probate court (Part Third, Title III, Chapter 5).
It is urged by counsel that a condemnation case of this nature is a special proceeding and not a civil action.
Counsel for plaintiff in error rely upon the cases of The P., C. & T. Rd. Co. v. Tod, 72 Ohio St, 156, and D. & U. Ry. Co. v. D. & M. Trac. Co., 4 C. C., N. S, 329, affirmed 72 Ohio St, 644.
If it be conceded that the appeal provided in Section 34 of the Conservancy Act is a special proceeding, rather than a civil action, nevertheless Section 11048, General Code, provides that:
“The owners of each separate parcel, right, or interest, are entitled to a separate trial by jury, verdict, and judgment. They shall hold the affirmative on the trial, which must be conducted, evidence admitted, and bills of exceptions allowed as provided in civil actions.”
This section of the code, by reference, makes applicable the procedure in civil actions.
The case of Niemes v. Niemes et al., 97 Ohio St., 145, involved the contest of a will.
The code denominates actions of that character as civil actions, and the supreme court says, in Niemes v. Niemes, at page 160, “that such proceeding is a civil action is not even a debatable matter.”
*109 While the statute in question does not expressly denominate appropriation proceedings as civil actions, yet such cases are controlled by the procedure in civil actions, and we think the decision in the Niemes case is applicable to the case at bar.
It is also claimed that Section 11058, General Code, which provides that the verdict shall be signed by the foreman of the jury, essentially preserves, at least by inference, the unanimous verdict. We think that Sections 11058, 11048 and 11455 should be read and construed together.
We are of opinion that Section 11058, which goes to the form of the verdict, is not inconsistent with the statute providing for a three-fourths verdict.
It is true the three-fourths jury law does not by its terms apply to the probate court, but the probate act, by reference to the procedure in civil actions, would make the statute in regard to the three-fourths jury a part of the probate code, in so far as the same applies to appropriation cases.
In this case the verdict was signed by ten members of the jury and we think that constitutes a substantial compliance with the statute.
We are supported in this view by the decision of the court of appeals of the fifth district, in the case of Smith v. Craig, 9 Ohio App., 316.
Objection is also made that the testimony of the witness Owens was not ruled out.
This witness clearly qualified upon his direct examination. (Page 18 of the record.) The admissions of the witness on cross-examination did to some extent discredit his testimony given on direct examination as to his qualification to express an opinion upon the value of the property. We think *110 the cross-examination merely reflected upon the credibility of the witness, and the credibility of a witness is a question for the consideration of the jury. We do not think his testimony is incompetent.
It is also urged that one of counsel for defendant in error was guilty of misconduct in the closing argument to the jury. The record does not contain the remarks made by counsel for plaintiff in error. We are therefore not advised as to whether the remarks complained of were or were not provoked by anything which counsel for plaintiff in error may have stated to the jury. The rule governing reviewing courts in this respect is well stated in the case of Ohio & Western Pennsylvania Dock Co. v. Trapnett, 88 Ohio St., 516, in the opinion of which the court say, at page 521:
“Remarks of this kind are wholely improper in the trial of a case and it is the duty of the trial court to see that they are not made, or at least not persisted in, but something must be left to the discretion of a trial court, otherwise we would never reach an end to litigation, and a reviewing court' ought not to reverse unless it clearly appears that such misconduct was of such character and so persistent as to prevent a fair trial of the cause. While this court will sustain a trial court in compelling counsel to properly conduct their cause and to refrain from all side remarks and unprofessional conduct, either- by directions to the jury to disregard these remarks and the punishment of counsel if they persist in offending, or by granting a new trial therefor, yet it will not reverse the judgment until it clearly appears that such conduct was prejudicial to the losing party.”
*111 Applying the above rule to the case at bar we are of opinion that the record does not show such a State of facts as would justify this court in reversing the judgment of the lower court on the ground of misconduct of counsel in the closing argument.
. .We have carefully considered all of the errors urged by counsel for plaintiff in error, but finding ino error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

'Judgment affirmed.

Allread, P. J., and Ferneding, J.,; concur.