Kunkle, J.
The original action was an appropriation case under the Conservancy Act. The appraisement in the conservancy proceeding was approved on June 30, 1917. An appeal was taken by the property owners, under the Conservancy Act, and the proceedings on the appeal were had in the court of common pleas of Miami county. The trial resulted in a verdict for the property owners considerably in excess of the amount of the appraisement. The trial court instructed the jury that they might return a verdict under the three- *406 (fourths jury law, but the verdict was concurred in Iby the entire jury. Motion for a new trial was overruled and judgment was rendered on the verdict. The case has been brought to this court upon the petition in error of the Conservancy District.
Three questions are presented by the arguments and briefs of counsel, to-wit: (1) Whether the three-fourths jury law applies; (2) Whether the market value of the land taken shall be estimated as of the time of the confirmation of the appraisement in the original case, or as of the time of trial of the present case; (3) Whether the jury fees can be taxed as a part of the costs in the case.
We doubt whether the application of the three-fourths jury law is raised in this case in view of the unanimous verdict.
This court, however, in the Greene county case of Miami Conservancy District v. Mitman, 11 Ohio App., 106, has recently held that the three-fourths jury law applies to an appropriation case under the Conservancy Act. A copy of that opinion has been furnished to counsel.
We have re-examined this question again in connection with the arguments and briefs of counsel in the present case, and have reached the conclusion that the decision in the Mitman case should be adhered to and followed.
The question as to the time for estimating the market value of the property taken is a very interesting — and in view of the recent fluctuation of values — a very important one. There is a conflict in the decisions of the tri^l courts in the various counties of the Conservancy District.
The trial court in the case at bar held that the market value at the time of the trial controlled. *407 This question involves a construction both of the Ohio Constitution and of the Conservancy Act.
Section 19, Article I, of the Constitution, provides :
“Private property shall ever be held inviolate, but subservient to the public welfare. * * * Where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury,” etc.
The Constitution of 1802 did not contain the provision that the money should first be paid or deposited. Under the old constitution abuses arose which were intended to bé remedied by the Constitution of 1851 above quoted.
Under our present constitution, therefore, the payment or deposit of compensation is a prerequisite to an appropriation except in certain cases specifically mentioned in the constitution.
This case does not come within the exception, but is governed by the general provisions of Section 19, Article I, above quoted.
It is urged that a fair construction of the Conservancy Act justifies the contention that the legislature intended to make the appropriation complete at the time of the confirmation by the court.
While there is some force in this contention, if we were to consider the Conservancy Act alone, yet in case of doubt the legislative act should be construed in harmony with the constitution. Under this rule of construction we think it would follow that both under the State Constitution and the Conservancy Act the taking occurs when the compensation is either paid or deposited.
*408 The nearest approximation to the time of the taking would therefore be the time of the trial before a jury in the appeal case.
It is urged that the present proceeding was an appeal from the confirmation of the appraisement in the (original conservancy case and that therefore the value should be estimated as of the date of the judgment ■ appealed from. This argument would have considerable and perhaps controlling force if we were considering only the Conservancy Act, but it must yield, in our judgment, to the superior force of the constitutional provisions. The jury trial provided for in the appeal case is the execution of the constitutional provision and such trial consummates the right of the Conservancy District to make the appropriation.
^ It is strongly urged by counsel for plaintiff in error that the proceeds of special assessments, and of bonds issued in the conservancy proceedings and remaining under the control of the court, constitute a deposit within the meaning of the constitution. We concede that there is some plausibility in this contention, but after a careful consideration of the arguments and reasons advanced by counsel we think a fair compliance with the constitutional provision would require either a payment of compensation to the owner for the specific property, or a special deposit for the specific property, payable directly to the owner.
We do not think a general fund under the control of the court, not specifically appropriated in the manner above stated, would meet the requirements of the constitution.
We are therefore of opinion that the rule adopted !by the trial court in this respect is correct.
*409 The trial court taxed jury fees as part of the costs in the case, and this is objected to by the •Conservancy District. The authority for so taxing the jury fees is found in Section 11089, General Code. This section is a part of the statutes regulating proceedings in the probate court by private corporations to appropriate land.
The Conservancy Act adopts these provisions to control proceedings under the Conservancy Act.
It is claimed that Section 11091, General Code, part of the Probate Court Act, would except conservancy proceedings. The part relied upon is as follows:
“The provisions of this Chapter shall not apply to proceedings by state, ■ county, township, district, or municipal authorities, to appropriate private property for public uses, or for roads or ditches.”
This exception was intended to exclude the public authorities therein named, but the act creating the conservancy district and providing for appropriation proceedings in such cases expressly adopts' the statutes relating to appropriation proceedings in the probate court, and being a special provision applying to conservancy cases would prevail "over Section 11091, General Code. Section 11091 is a general provision, while the 'Conservancy Act is a special provision affecting conservancy proceedings.
In our opinion the jury fees in the case at bar were properly taxed as part of the costs.
Finding no prejudicial error, the judgment of the lower court is affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.